IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| DAVID RICE | : | NO. 11-344-01 |
| VLADIMIR PASCAL | : | -02 |
| | : | |

DuBOIS, J.                                                                                                                        November 28, 2011

# M E M O R A N D U M

## I.   INTRODUCTION

On June 23, 2011, a grand jury returned an eleven-count Indictment against David Rice and Vladimir Pascal. The Indictment charges Rice and Pascal as follows:

- <u>Count I</u>: As to David Rice: Knowingly and with the intent to defraud using, and aiding and abetting the use of, a counterfeit access device,[1] in violation of 18 U.S.C. §§ 2, 1029(a)(1);

- <u>Count II</u>: As to David Rice: Knowingly and with the intent to defraud using, and aiding and abetting the use of, an unauthorized access device to obtain a thing of value aggregating $1,000 or more during a one-year period, in violation of 18 U.S.C. §§ 2, 1029(a)(2);

---

[1] "[T]he term 'access device' means any card, plate, code, account number, electronic serial number, mobile identification number, personal identification number, or other telecommunications service, equipment, or instrument identifier, or other means of account access that can be used, alone or in conjunction with another access device, to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds (other than a transfer originated solely by paper instrument)." 18 U.S.C. § 1029(e)(1).

- <u>Count III</u>: As to David Rice: Knowingly and without lawful authority possessing and using a means of identification of another person during and in relation to credit card fraud, in violation of 18 U.S.C. § 1028A(a)(1), (c)(1);

- <u>Count IV</u>: As to David Rice: With the intent to deceive, and for the purpose of unlawfully obtaining credit to make a purchase of merchandise, falsely representing that a Social Security account number had been assigned to him by the Commissioner of Social Security when in fact such number was not assigned to him, in violation of 42 U.S.C. § 408(7)(B);

- <u>Count V</u>: As to David Rice: Knowingly and without lawful authority possessing and using a means of identification of another person during and in relation to Social Security fraud, in violation of 18 U.S.C. § 1028A(a)(1), (c)(11);

- <u>Count VI</u>: As to David Rice and Vladimir Pascal: Conspiracy to violate 18 U.S.C. § 1029, in violation of 18 U.S.C. 371;

- <u>Count VII</u>: As to David Rice: Knowingly and with the intent to defraud using, and aiding and abetting the use of, a counterfeit access device, in violation of 18 U.S.C. §§ 2, 1029(a)(1);

- <u>Count VIII</u>: As to Vladimir Pascal: Knowingly and with the intent to defraud using, and aiding and abetting the use of, a counterfeit access device, in violation of 18 U.S.C. §§ 2, 1029(a)(1);

- <u>Count IX</u>: As to David Rice: Knowingly and without lawful authority producing, and aiding and abetting and willfully causing the production of, an identification document in the name of someone other than himself, in violation of 18 U.S.C. §§ 2, 1028(a)(1);

- Count X: As to David Rice and Vladimir Pascal: Knowingly and without lawful authority possessing, and aiding and abetting the possession of, more than 660 means of identification of other people with the intent to commit and to aid and abet a violation of federal law, in violation of 18 U.S.C. §§ 2, 1028(a)(7); and

- Count XI: As to David Rice and Vladimir Pascal: Knowingly and without lawful authority possessing, and aiding and abetting the possession of, more than 660 means of identification of other people during and in relation to counterfeit and unauthorized access device fraud, in violation of 18 U.S.C. §§ 2, 1028A(a)(1), (c)(4).

At hearings before Chief United States Magistrate Judge Carol Sandra Moore Wells on July 5, 2011, defendants Pascal and Rice consented to pretrial detention.

Presently before the Court are two motions: defendant Rice's Motion to Modify Pretrial Detention Order and defendant Pascal's Motion for Release Pending Trial. Defendant Rice argues that he should be released pending trial because (1) the only evidence supporting the most serious charge against him is a computer flash drive, and the evidence connecting him to the flash drive is not very strong; (2) he has only failed to appear at one prior proceeding, and that failure was due to a miscommunication in scheduling; (3) he is a lifelong resident of New York City and, if released, would live with his girlfriend in Queens and submit to home monitoring; and (4) he is a trained welder and knows people who could help him secure employment while on pretrial release. Defendant Pascal contends that he is entitled to pretrial release because (1) the Pretrial Services report stated that Pascal did not appear to "present a risk of non-appearance"; (2) he is a lifelong resident of New York City and would live in Brooklyn with his mother and submit to electronic monitoring if released; (3) he has never failed to appear for trial; and (4) his family is willing to pledge property in New York as surety.

The Court conducted a hearing on defendants' motions on November 18, 2011. At the hearing, the Government submitted evidence by proffer supporting continued detention of both defendants. Defendants also submitted evidence by proffer which they argued warranted their release. For the reasons that follow, the Court denies both defendants' motions for pretrial release.

## II.   LEGAL STANDARD

This Court has jurisdiction to review the magistrate judge's decisions under 18 U.S.C. § 3145(b).  That provision requires the Court to make a de novo determination of the magistrate judge's detention orders.  United States v. Delker, 757 F.2d 1390, 1394 (3d Cir. 1985).  However, the reasons the magistrate judge articulated must be given "respectful consideration." United States v. Suppa, 799 F.2d 115, 120 (3d Cir. 1986).  The transcript of the hearing before the magistrate judge may also be admitted into evidence in the hearing before the district court. See Delker, 757 F.2d at 1394-95, 1395 n.3.

18 U.S.C. § 3142(e)(1) provides that if a "judicial officer finds that no condition or combination of conditions [of pretrial release] will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial."

## III.   FINDINGS OF FACT

Having reviewed the parties' submissions and the transcripts of the July 5, 2011, hearings before Chief Magistrate Judge Wells, and after conducting an evidentiary hearing on November 18, 2011, the Court makes the following findings of fact:

### A.   Findings of Fact Relating to Defendant Rice

1. The charges against defendant Rice stem from two incidents:

4

        a.      The Montgomery Township Incident: On August 27, 2010, Rice allegedly purchased a diamond ring worth more than $6,000 at a J.C. Penny store in Montgomery Township, Pennsylvania, using a counterfeit credit card in the name of another individual, L.P. Immediately thereafter, Rice allegedly applied for credit at a Kay Jewelry store using L.P.'s social security number;

        b.      The Limerick Township Incident: On November 19, 2010, Rice, along with defendant Pascal, allegedly attempted to purchase merchandise using counterfeit access devices at a True Religion store in Limerick Township, Pennsylvania.

    2.      The government's case against Rice is strong and supported by the following evidence:

        a.      Police found false identification documents and/or counterfeit credit cards on Rice's person after arresting him after both the Montgomery Township and Limerick Township Incidents;

        b.      Police found the diamond ring in Rice's possession after the first arrest in Montgomery Township;

        c.      Rice gave officers a false name when they arrested him in Montgomery Township;

        d.      The government has a receipt for merchandise that Pascal attempted to purchase with a counterfeit access device;

        e.      After Rice and Pascal were arrested following the Limerick Township Incident, the True Religion store manager found a flash drive stuffed into a pile of clothes at the cash register and turned it over to authorities. The flash drive contained the means of identification of more than 660 individuals and pictures of both defendants; and

    f.  The government possess a transcript of a phone call that Rice made from prison after his arrest in which he discusses the flash drive.

  3.  Rice posted bail after his arrest in Montgomery Township at a preliminary hearing on September 7, 2010, in front of the Magisterial District Court for Montgomery County. However, Rice failed to appear at his next court listing on October 6, 2010, in front of the Court of Common Pleas for Montgomery County, and the court issued a bench warrant.[2] It was not until he was arrested on November 19, 2010, in Limerick Township that the Montgomery Township charges and bench warrant could be addressed.

  4.  Rice has used many aliases in the past. The FBI's National Crime Information Center database reveals at least seven such aliases on his criminal record.

  5.  Rice has been convicted of crimes four times prior to these incidents. These crimes include criminal possession of stolen property, assault in the second degree, robbery, and theft.

  6.  Rice has no personal ties to the Eastern District of Pennsylvania. He has lived his entire life in New York City. If released on bail, he claims he would live with his girlfriend in Queens, New York. However, his girlfriend did not testify and was not present at the hearing on November 18, 2011.

  7.  Rice has the means to participate in the alleged scheme underlying the Indictment even if subject to home monitoring. There was another unindicted co-conspirator in the True

---

[2] Defendant Rice claims that he was actually scheduled to appear on November 17, 2010, rather than October 6, 2010. He states further that he mistakenly believed the appearance was scheduled for November 19, 2010, and that when he was arrested in Limerick Township, he had simply stopped there to do some shopping before appearing in the Montgomery Township matter. However, the Pretrial Services report as well as the docket sheet from the state court proceedings supports the government's averment that his appearance date was, in fact, October 6, 2010.

Religion store in Limerick Township who was not arrested. Moreover, Rice had a phone conversation from prison with another man in which Rice discussed the flash drive and talked about having created a backup of the data on the flash drive.

8. Rice is not currently employed. While he has employment prospects as a trained welder, none of those prospects is definite.

9. Rice has no property to post as surety.

10. The total maximum penalty Rice faces is sixty years' imprisonment. Rice faces a mandatory two-year consecutive period of imprisonment.

### B. Findings of Fact Relating to Defendant Pascal

11. The charges against Pascal relate only to the Limerick Township Incident described above. The government's case against Pascal is strong and supported by the following evidence:

   a. Pascal was found with false identification documents and/or access devices on his person when police arrested him on November 19, 2010;

   b. The government has a receipt for merchandise that Pascal attempted to purchase with a counterfeit access device;

   c. When he was arrested on November 19, 2010, Pascal admitted to attempting to purchase merchandise with a counterfeit access device;

   d. The flash drive mentioned above had Pascal's picture on it; and

   e. The government possesses audio recordings of telephone calls Pascal made from prison after his arrest in which he admits to knowing about the flash drive.

12. Pascal has had fifteen prior contacts with the criminal justice system, including convictions for larceny, possession of stolen property, and burglary.

13. Pascal has no personal ties to the Eastern District of Pennsylvania, having lived his entire life in New York City.

14. Pascal has the means to participate in the alleged scheme underlying the indictment even if subject to home monitoring. There was another unindicted co-conspirator in the True Religion store in Limerick Township who was not arrested and remains available to assist Pascal in committing future offenses.

15. Pascal has been unemployed since February 2010.

16. Pascal faces a maximum sentence of twenty years' imprisonment with a mandatory two-year consecutive period of incarceration.

## IV.  CONCLUSIONS OF LAW

Motions for bail pending trial are governed by the Bail Reform Act, 18 U.S.C. § 3141 et seq. The Bail Reform Act authorizes pretrial detention only if the government meets its burden of persuading the Court that the defendant poses a flight risk or a danger to the community. To meet its burden of persuasion, the government must prove by clear and convincing evidence that the defendant is a danger to the community or by a preponderance of the evidence that he poses a risk of flight if released pending trial. United States v. Himler, 797 F.2d 156, 160–61 (3d Cir. 1986).

Section 3142(g) sets out four factors a court should consider in determining whether the government has carried its burden: "(1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including . . . the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court

proceedings; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

In this case, the Court concludes that the government has met its burden of proving by clear and convincing evidence that both defendants are a danger to the community and its burden of proving by a preponderance of the evidence that both defendants pose a risk of flight. Thus, the Court denies defendant Rice's Motion to Modify Pretrial Detention Order and defendant Pascal's Motion for Release Pending Trial.

### A.   Defendant Rice

The government has met its burden of showing by clear and convincing evidence that defendant Rice is a danger to the community. First, there is probable cause to believe that Rice attempted to purchase merchandise with a counterfeit access device while on pretrial release in the Montgomery Township case. There is reason to believe that he might attempt to commit similar crimes if granted pretrial release in this case. Further, Rice has the means to continue this pattern of criminal activity with the unindicted co-conspirator seen at the Limerick Township True Religion store.

The government has also met its burden of showing by a preponderance of the evidence that Rice presents a risk of flight. First, Rice has already failed to appear for a scheduled court date in the Court of Common Pleas for Montgomery County for the Montgomery Township Incident. Second, Rice has a history of using aliases. His access to other people's personal information makes it likely that he could conceal his identity in order to flee. Third, the government's case against Rice is strong, and the potential sentence is substantially longer than any sentence he has faced in the past. He has incentive to flee to avoid this substantial punishment.

### B.     Defendant Pascal

The government has met its burden of showing by clear and convincing evidence that defendant Pascal presents a danger to the community. Like Rice, Pascal has the means to continue this pattern of criminal activity with the unindicted co-conspirator seen in the Limerick Township True Religion store. Further, Pascal has fifteen prior convictions. Given this history, there is substantial risk that Pascal would attempt to continue his criminal activity if released on bail. Pascal argues that he would submit to home detention with electronic monitoring and live with his mother if released on bail. However, many of Pascal's past crimes, as well as the Limerick Township Incident, occurred while Pascal lived with his mother. Thus, living with his mother has not prevented Pascal from engaging in criminal activity.

The government has also met its burden of showing by a preponderance of the evidence that Pascal presents a risk of flight. First, the government's case against Pascal is strong, and the potential sentence is much longer than any he has faced in the past. While Pascal has never failed to appear for a court date, the length of this potential sentence gives him incentive to flee. Second, Pascal has no ties to the Eastern District of Pennsylvania and no stable employment, so he has little reason to remain in the area and comply with his pretrial appearance schedule.

## V.     DEFENDANTS' RIGHT TO APPEAL

The Court did not inform defendants of their right to appeal the Court's decision on their motions for pretrial release at the hearing on November 18, 2011, because the two motions were taken under advisement. Defendants have a right to appeal this decision if they believe the Court committed error in denying their motions. Should they decide to appeal, they must file a notice of appeal in this Court within fourteen days. Fed. R. App. P. 4(b)(1)(A). If defendants' counsel are retained and defendants cannot afford to continue to pay their counsel, their counsel shall

nevertheless file any notice of appeal requested by their clients. At that point, if defendants meet the financial criteria for appointment of counsel under the Criminal Justice Act, 18 U.S.C. § 3006A, and cannot afford to pay counsel, the Court will consider appointing counsel to represent them. Counsel shall inform defendants of their right to appeal and the fourteen-day time limit for filing a notice of appeal.

## VI.    CONCLUSION

For the reasons stated above, the Court denies defendant Rice's Motion to Modify Pretrial Detention Order and defendant Pascal's Motion for Release Pending Trial. An appropriate Order follows.